# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GABRIEL SALAS,**

**Plaintiff,**

**-vs-**                                           **Case No.  6:11-cv-1909-Orl-31GJK**

**JENNIFER MARIETTA,**

**Defendant.**

_____

# ORDER

This cause comes before the Court on a motion for attorney's fees and costs (Doc. 19), filed by Defendant, Jennifer Marietta ("Marietta"). Plaintiff, Gabriel Salas, ("Salas") has not filed a response.

## I. Background

The relationship between the parties, as relevant to the instant motion, began in May 2009. Salas, who is a commercial photographer, was asked by Marietta to "train her as a model and help her develop a portfolio." (Doc. 1). Salas agreed to assist in return for the "rights to use photographs in his artwork, and to publish and or sell such work for financial gain"–Marietta contends however that these photographs were intended solely for use in her modeling portfolio. Eventually, "Mr. Salas fell in love with Ms. Marietta." (Doc. 19).

After the brief "personal relationship" deteriorated–not altogether amicably–the agreement between the parties broke down, resulting in a slew of litigation over the ownership rights to the more than 10,000 nude and partially nude photographs of the Defendant. Marietta filed the first of

these suits in state court, Salas responded shortly thereafter with another state suit and the instant copyright case.

## II. Procedural History

Plaintiff filed this action for copyright infringement on December 1, 2011 alleging, *inter alia*, that Defendant wrongfully caused certain pictures of herself to be removed from a website. The Complaint sought relief pursuant to 17 U.S.C. §505.

On December 8, 2011, Defendant moved to dismiss the complaint on the basis that Plaintiff failed to plead proper registration of the copyrights prior to filing suit. (*See* Doc. 7). The Court granted the motion as unopposed. (Doc. 15). Thereafter, Plaintiff filed a notice of voluntary dismissal, (Doc. 17), and the Court entered an Order dismissing the case without prejudice (Doc. 18). The Order required that "each party [ ]bear its own fees and costs." (*Id*.) Defendant now moves for attorneys fees and costs pursuant to 17 U.S.C. §505 and sanctions under Rule 11.

## III. Standards

### A. Motions to Alter or Amend Judgement

The decision to alter or amend a judgment pursuant to Rule 59(e) is committed to the sound discretion of the trial court. *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238 (11th Cir. 1985). However, a Rule 59(e) motion may not be used to relitigate old matters or to raise arguments or present evidence that were available prior to the entry of judgment. *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 759 (11th Cir. 2005).

There are four basic reasons for granting a Rule 59(e) motion. First, the movant may demonstrate a need to correct manifest errors of law or fact upon which the judgment is based, such as when the Court misunderstands a party's position – *i.e.*, a mistake of apprehension rather than

reasoning. Second, the motion may be granted for a party to present newly discovered or previously unavailable evidence. Third, relief is available under Rule 59(e) to prevent manifest injustice, such as that resulting from misconduct of counsel. Finally, an intervening change in controlling law may justify granting a Rule 59(e) motion. 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. rev. 2009).

**B. Motions for Sanctions pursuant to Rule 11**

In pertinent part, Rule 11 provides that,

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, or other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

The Eleventh Circuit has set out the following standard for the imposition of Rule 11 sanctions:

> In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous-in view of the facts or law-and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry.

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.1996). "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir.1998).

**IV. Discussion**

      **A. Fees and Costs Pursuant to Section 505 of the Copyright Act**

      Pursuant to 17 U.S.C. §505, "the court in its discretion may allow the recovery of full costs by or against any party . . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." However, the instant case was dismissed without prejudice, each party bearing its own fees and costs. (Doc. 18). As a result, Defendant moves to amend the judgement under Rule 59(e). Because the Court finds that Defendant is not a "prevailing party" under § 505, Defendant's motion will be denied to the extent she seeks attorney's fees and costs pursuant to the Copyright Act.

      Although Defendant cites several cases concerning the meaning of "prevailing party" under Florida law, the instant case is governed by federal law. In *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, the Supreme Court instructed that the inquiry is whether some court action has created a "material alteration of the legal relationship of the parties." 532 U.S. 598, 604 (2001) (internal quotation marks omitted) *superseded by statute on other grounds*, Open Government Act of 2007, Pub.L. No. 110–175, 121 Stat. 2524.[1] Specifically, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties." *Id*. at 605.

---

      [1] Although *Buckhannon* was based on a different statute, the reasoning appears to apply in this context as well. *See Morillo-Cedron v. District Director for the U.S. Citizenship and Immigration Services*, 452 F.3d 1254 (11th Cir. 2006).

The instant case was dismissed without prejudice pursuant to Plaintiff's notice of voluntary dismissal. Such a disposition lacks the requisite "judicial imprimatur." There are, however, several district courts that reason, "[w]here the case terminates because the plaintiff filed a Notice of Voluntary Dismissal, a court must examine the circumstances surrounding the voluntary dismissal to determine if the defendant may properly be considered a 'prevailing party.' " *Silberstein v. Digital Art Solutions, Inc.*, 2003 WL 21297291 at *1 (S.D.N.Y. 2003). Of special significance are the circumstances surrounding dismissal,

> [f]or example, where the complaint is clearly frivolous or there have been proceedings on the merits or substantial discovery, defendants have a stronger argument that they prevail when plaintiff voluntarily discontinues suit. On the other hand, where it has not been shown that the complaint is frivolous and there have been no proceedings on the merits nor substantial pre-trial proceedings, the argument must necessarily be less persuasive.

*Id.* Even under this reasoning, the Court has not delved far enough into the merits of the instant case to make a determination of whether it is, in fact, frivolous. Salas arguably owns the photos in question, but he failed to register with the copyright office prior to filing suit. This oversight, though dispositive in the motion to dismiss, does not render the suit frivolous in its entirety. Accordingly, Defendant's motion for attorney's fees and costs pursuant to the Copyright Act will be denied.[2]

---

[2] Defendant also moves for costs, claiming $1.76 in postage. However, 28 U.S.C. § 1920 does not allow the awarding of such costs; the case cited by Defendant does not suggest otherwise. *Lil' Joe Wein Music, Inc. v. Jackson,* No. 06-20079-CIV, 2008 WL 2688117 at *14 (S.D. Fla. July 1, 2008) (awarding postage as part of attorney's fee award to prevailing party).

**B. Rule 11 Sanctions**

Defendant argues that sanctions are appropriate under Rule 11 because, (1) there is no reasonable factual basis for a copyright infringement action; (2) it is based on a legal theory that had no reasonable chance of success; and (3) it was filed in bad faith.

The Court must first determine whether the claim was "objectively frivolous" in view of the facts or law. *Worldwide Primates*, 87 F.3d at 1254. The Court cannot say however, that this case is frivolous. Rather, it appears to be based on an arguably valid ownership interest that was not "copyrighted" prior to filing the lawsuit. Accordingly, Defendant's motion for sanctions pursuant to Rule 11 will be denied.

In light of the foregoing, it is **ORDERED** that Defendant's Motion for Attorney's Fees and Costs (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 8, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE